**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **BRUSHY BROOK DEVELOPMENT COMPANY, LLC,** | |
| **Appellant,** | |
| **v.** | **Case No. 06-129ML** |
| **INTERGOLF DESIGNS, INC., ET AL,** | |
| **Appellees.** | |

**BRUSHY BROOK DEVELOPMENT COMPANY'S MOTION TO STAY PROSECUTION OF APPEAL OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Brushy Brook Development Company, LLC ("BBDC") respectfully moves this Court for an Order (i) staying the prosecution of the above-captioned bankruptcy appeal, and (ii) tolling of all applicable deadlines to file papers with this Court as may be required under the Court's Order dated July 19, 2006 and all applicable federal or local rules. In the alternative, BBDC seeks an Order from this Court extending all applicable deadlines to file papers with this Court for a sufficient period of time to allow BBDC to seek and obtain leave of Bankruptcy Court to prosecute the above-captioned appeal. In addition, BBDC seeks an Order from this Court granting BBDC such other relief as may appropriate under the circumstances.

A Memorandum in support of the Motion to Stay is attached. BBDC does not require an oral hearing.

BRUSHY BROOK DEVELOPMENT COMPANY, LLC

By its attorneys,

For

Theodore Orson, Esq. #3871
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-3103 fax
torson@orsonandbrusini.com

Dated: July 31, 2006

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 31st day of July, 2006, a copy of the foregoing document was served upon those parties indicated below by regular U.S. Mail, postage prepaid.

| | |
|---|---|
| John Boyajian, Esq.<br>Boyajian Harrington & Richardson<br>182 Waterman Street<br>Providence, RI 02906 | Boulder Brook Development Company, LLC<br>Thomas Carlotto, Esq.<br>Shechtman Halperin Savage, LLP<br>1080 Main Street<br>Pawtucket, RI 02860 |
| Peter J. Furness, Esq.<br>Brennan, Recupero, Cascione, Scungio & McAllister, LLP<br>362 Broadway<br>Providence, RI 02909 | United States Trustee<br>Office of the United States Trustee<br>10 Dorrance Street<br>Providence, RI 02903 |
| Charles A. Pisaturo, Jr., Chapter 7 Trustee<br>Law Offices of Charles A. Pisaturo Jr.<br>1055 Elmwood Avenue<br>Providence, RI 02907-2817 | Vincent Indeglia, Esq.<br>INDEGLIA & ASSOCIATES<br>Attorneys at Law<br>1485 So. County Tr.<br>Ste. 200<br>East Greenwich, RI 02818 |
| Brushy Brook Management Company, LLC<br>Attn: Grant Schmidt, Manager<br>142 North Main Street<br>London, OH 93140 | Matthew McGowen, Esq.<br>Salter McGowan Sylvia & Leonard, Inc.<br>321 South Main Street, Suite 301<br>Providence, RI 02903 |
| Akhil Patel, Esq.<br>Thompson Hine, LLP<br>10 West Broad Street, Suite 700<br>Columbus, Ohio 43215-3435 | |

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BRUSHY BROOK DEVELOPMENT COMPANY, LLC,** | ) | |
| **Appellant,** | ) | **Case No. 06-129ML** |
| **v.** | ) | |
| **INTERGOLF DESIGNS, INC., ET AL,** | ) | |
| **Appellees.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROSECUTION OF APPEAL OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Brushy Brook Development Company, LLC ("BBDC") respectfully requests that this Court stay the prosecution of the above-captioned bankruptcy appeal ("Appeal")[1] and toll all applicable deadlines to file papers with this Court as may be required under the Court's Order dated July 19, 2006, all applicable federal and local rules, as well as all statutes of limitation, until further order is issued by the United States Bankruptcy Court, District of Rhode Island, allowing BBDC to proceed with the Appeal. In the alternative, BBDC requests that the Court extend all deadlines to file papers with this Court as may be required under the Court's Order dated July 19, 2006 or any applicable federal or local rules for a sufficient period of time to allow BBDC to seek and obtain leave of Bankruptcy Court to prosecute the Appeal.

---

[1] This exact motion has been filed in Brushy Brook Development Company, LLC v. Intergolf Designs, LLC, *et al.*, Case No. 06-cv-127 and Brushy Brook Development Company, LLC v. Intergolf Designs, LLC, *et al.*, Case No. 06-cv-128.

## STATEMENT OF FACTS

1. On August 16, 2005 (the "Petition Date"), the petitioning creditors ("Petitioning Creditors") of BBDC filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code. The BBDC bankruptcy was filed in the United States Bankruptcy Court, District of Rhode Island. See uncertified docket ("Uncertified Docket"), a copy of which is attached hereto as Exhibit A.

2. On February 28, 2006, the Bankruptcy Court entered an Order for Relief, a copy of which is attached hereto as Exhibit B.

3. Brushy Brook Management Company, LLC ("BBMC") was the appointed sole Manager of BBDC pursuant to the governing documents of BBDC. See Second Amended And Restated Operating Agreement Of Brushy Brook Development Company, LLC ("Operating Agreement"), attached hereto as Exhibit C. BBMC, as Manager, had "full, exclusive and complete power and discretion . . . to make all decisions and to do all things on behalf of the Company [BBDC]." Section 3.6(c) of the Operating Agreement.

4. Charles A. Pisaturo, Jr. was appointed as Trustee in the bankrupt BBDC on March 3, 2006. See BBDC Certificate of Appointment of Trustee, attached hereto as Exhibit D.

5. BBDC commenced the Appeal of the Order for Relief and certain other decisions by filing a Notice of Appeal on March 13, 2006. BBDC designated the United States District Court, District of Rhode Island as the appellate forum. See Uncertified Docket, Exhibit A.

6. On June 20, 2006, certain creditors of Stone Ridge, Inc. ("Stone Ridge") filed an Involuntary Petition against Stone Ridge. See Involuntary Petition, Exhibit E. An Order for Relief was entered on July 14, 2006 by the United States Bankruptcy Court, District of Rhode Island. See Stone Ridge Order for Relief, attached hereto as Exhibit F. Charles A. Pisaturo, Jr.

was appointed as Trustee in the Stone Ridge bankruptcy on July 19, 2006. See Stone Ridge Certificate of Appointment of Trustee, attached hereto as Exhibit G.

7. Stone Ridge owns one hundred percent of the ownership interests of BBDC—i.e. BBDC is a wholly-owned subsidiary of Stone Ridge. See Exhibit A to the Operating Agreement. Stone Ridge, however, did not control BBDC. Rather, BBMC was vested with full management control of BBDC. See Section 3.6 of the Operating Agreement.

8. On June 22, 2006, the Petitioning Creditors filed in the BBDC bankruptcy a Motion to Enforce Stay. See Uncertified Docket. The Petitioning Creditors asserted that BBDC is stayed from prosecuting the Appeal because "[t]he commencement of an involuntary case against Stone Ridge "...operates as a stay, applicable to all entities, of…any act…to exercise control over property of the estate." 11 U.S.C. §362(a)(3). The Petitioning Creditors further asserted that "[s]ince BBDC is property of Stone Ridge's estate, any act by any entity to exercise control over BBDC is a violation of the automatic stay imposed by the filing of the involuntary petition against Stone Ridge." Memorandum of Law in Support of Motion to Enforce Automatic Stay, Exhibit H.

9. BBDC filed a Limited Objection to the Petitioning Creditors' Motion to Enforce Stay. See Uncertified Docket. In the Limited Objection, BBDC stated that it would to consent not to prosecute the Appeal without first getting permission from the Bankruptcy Court if all procedural and substantive deadlines were tolled. See Memorandum in Support of Limited Objection, attached hereto as Exhibit I. On July 19, 2006, at the hearing on the Petitioning Creditors' Motion to Enforce Stay, BBDC once again affirmed that it would not prosecute the Appeal without obtaining permission from the Bankruptcy Court.

10. On July 21, 2006, the Bankruptcy Court denied the Petitioning Creditors' Motion to Enforce Stay because, according to the Bankruptcy Court, (1) there was no case or controversy before the Court, and (2) BBDC "represented at the hearing that it would not move forward on its appeal before seeking leave from this Court to do so." Order denying the Petitioning Creditors Motion to Enforce Stay, attached hereto as Exhibit J.

11. The Bankruptcy Court has indicated that it believes that the Trustee of Stone Ridge is in control of BBDC.

12. BBDC has taken no action to violate the automatic stay. Additionally, BBDC does not believe that it has taken any action that would compromise either the BBDC Trustee's or Stone Ridge Trustee's control of BBDC.

13. The Trustee of BBDC has filed a *Motion For Rule 2004 Examination* of Boulder Brook Development Company, LLC ("Boulder Brook") to be held on August 17, 2006. In connection therewith, the Trustee seeks discovery of documents from Boulder Brook relating to the sale of real estate from BBDC to Boulder Brook, facts relating to the payment of a promissory note owing to BBDC from Boulder Brook, and the status of the collateral securing the aforesaid note.

**REQUESTED RELIEF**

14. BBDC requests that this Court (i) stay the prosecution of the Appeal until BBDC obtains permission from the Bankruptcy Court in the Stone Ridge bankruptcy to prosecute the Appeal and (ii) toll all applicable deadlines.

15. The commencement of a bankruptcy case generally "...operates as a stay, applicable to all entities, of...any act...to exercise control over property of the estate." 11 U.S.C.

§ 362(a)(3). The prosecution of the Appeal may or may not violate the automatic stay in the Stone Ridge bankruptcy, but that issue has not been determined either in the BBDC or the Stone Ridge bankruptcy. Compare In re Consolidated Auto Recyclers, Inc., 123 B.R. 130, 139 (Bankr. D.Me. 1991)(chapter 11 trustee of a parent corporation authorized to assume control of a wholly owned subsidiary "under attendant principles of corporate governance") and In re Mid-City Parking, Inc., 332 B.R.798, 816 (Bankr. N.D.Ill. 2005)(stating that the automatic stay "exists to protect the bankruptcy estate from appeals the trustee deems not worthy of estate resources") with In re Peoples Bankshare, Ltd. 68 B.R. 536 (Bankr. N.D. Iowa 1986) (holding that bankruptcy petition filed by parent holding company did not make subsidiary banks, in which debtor held majority of shares, property of the estate, and as a result banking superintendent's exercise of control of non-bankruptcy subsidiary could not violate the automatic stay).

16. BBDC does not admit that it is stayed from prosecution of the Appeal as a result of the Stone Ridge bankruptcy. However, this issue needs to be raised in the Stone Ridge bankruptcy and resolved by the Bankruptcy Court before BBDC can prosecute the Appeal.

17. BBDC has represented to the Bankruptcy Court that it will not prosecute the Appeal without the Bankruptcy Court's leave. Additionally, the Bankruptcy Court, it seems, at least partly denied the Petitioning Creditors' Motion to Enforce Stay because BBDC made a representation of non-prosecution without leave to the Bankruptcy Court. Thus, BBDC cannot and will not prosecute the Appeal without first obtaining leave from the Bankruptcy Court.

18. The Rule 2004 Examination of Boulder Brook may produce information which could result in BBDC dismissing the Appeal. Additionally, pending actions by Boulder Brook to

refinance or sell the real estate it purchased from BBDC might result in payments of the promissory note to BBDC, which may render the Appeal moot.

WHEREFORE, BBDC seeks an Order from this Court (i) staying the prosecution of the Appeal, and (ii) tolling of all applicable deadlines to file papers with this Court as may be required under the Court's Order dated July 19, 2006, the Federal Rules of Appellate Procedure or otherwise, as well as all statutes of limitation. In the alternative, BBDC seeks an Order from this Court extending all applicable deadlines to file papers with this Court as may be required under the Court's Order dated July 19, 2006 or any applicable federal or local rules for a sufficient period of time to allow BBDC to seek and obtain leave of Bankruptcy Court to prosecute the Appeal. In addition, BBDC seeks an Order from this Court granting BBDC such other relief as may appropriate under the circumstances.

BRUSHY BROOK DEVELOPMENT COMPANY, LLC

By its attorneys,

For

Theodore Orson, Esq. #3871
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-3103 fax
torson@orsonandbrusini.com

Dated: July 31, 2006

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 31st day of July, 2006, a copy of the foregoing document was served upon those parties indicated below by regular U.S. Mail, postage prepaid.

| | |
|---|---|
| John Boyajian, Esq.<br>Boyajian Harrington & Richardson<br>182 Waterman Street<br>Providence, RI 02906 | Boulder Brook Development Company, LLC<br>Thomas Carlotto, Esq.<br>Shechtman Halperin Savage, LLP<br>1080 Main Street<br>Pawtucket, RI 02860 |
| Peter J. Furness, Esq.<br>Brennan, Recupero, Cascione, Scungio & McAllister, LLP<br>362 Broadway<br>Providence, RI 02909 | United States Trustee<br>Office of the United States Trustee<br>10 Dorrance Street<br>Providence, RI 02903 |
| Charles A. Pisaturo, Jr., Chapter 7 Trustee<br>Law Offices of Charles A. Pisaturo Jr.<br>1055 Elmwood Avenue<br>Providence, RI 02907-2817 | Vincent Indeglia, Esq.<br>INDEGLIA & ASSOCIATES<br>Attorneys at Law<br>1485 So. County Tr.<br>Ste. 200<br>East Greenwich, RI 02818 |
| Brushy Brook Management Company, LLC<br>Attn: Grant Schmidt, Manager<br>142 North Main Street<br>London, OH 93140 | Matthew McGowen, Esq.<br>Salter McGowan Sylvia & Leonard, Inc.<br>321 South Main Street, Suite 301<br>Providence, RI 02903 |
| Akhil Patel, Esq.<br>Thompson Hine, LLP<br>10 West Broad Street, Suite 700<br>Columbus, Ohio 43215-3435 | |