**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

In re:

BRUSHY BROOK DEVELOPMENT CO., LLC
Debtor

BK 05-13009
CHAPTER 7

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO ENFORCE AUTOMATIC STAY**

## I. Facts

The instant bankruptcy was commenced by the filing of an involuntary petition on August 16, 2005. The matter was tried over "several days" and an order for relief entered against the Debtor on March 1, 2006. The order for relief has been appealed and the record is currently being prepared for transmission to the District Court.

The Debtor (or "BBDC") is a limited liability company organized under Indiana law in 2002. It was organized in order to own and develop land located in Hopkinton, Rhode Island. This land was formerly owned by Stone Ridge, Inc. ("Stone Ridge") a Rhode Island corporation. In return for the transfer of land to the BBDC, Stone Ridge was given all of BBDC's class A membership interests. Since that time the Debtor has not issued any other membership interests. Consequently, the Debtor is a wholly owned subsidiary of Stone Ridge. Practically speaking, BBDC is the sole asset of Stone Ridge.

BBDC was controlled by another entity known as Brushy Brook Management Company, LLC ("BBMC"). It is this entity, through its principal Grant Schmidt, which defended against the involuntary petition and which now has chosen to file the pending appeal.

On June 20, 2006 an involuntary petition for relief under chapter 7 was filed against Stone Ridge, Inc.[1]

**II. Argument**

*A. BBDC is property of Stone Ridge's bankruptcy estate*

The filing of an involuntary petition against Stone Ridge created an estate which includes its wholly owned subsidiary, BBDC. See 11 U.S.C. § 541; In re Milden, 111 F.3d 138 (9th Cir. 1997)(Table decision), 1997 WL 189302, at *3 (stating, "the stock ownership interests in a corporation wholly owned by the debtors becomes property of the estate upon commencement of the case"); In re Baker, 68 B.R. 360, 363 (Bankr. D.Or. 1986)(stating, "since the corporation was wholly owned by the debtors it became an asset of the estate, upon the filing of the chapter 11 petition").

Although BBDC's separate property does not belong to Stone Ridge's bankruptcy estate, BBDC does. See In re Guyana Development Corp., 168 B.R. 892, 905 (Bankr.

[1] BK No. 06-10590

S.D.Tex. 1994). ("As a general rule, property of the estate includes the debtor's stock in a subsidiary but not the assets of the subsidiary.")

Stone Ridge's estate is vested with those powers which Indiana law grants to member of limited liability companies. See In re Consolidated Auto Recyclers, Inc., 123 B.R. 130, 139 (Bankr. D.Me. 1991)(chapter 11 trustee of a parent corporation authorized to assume control of a wholly owned subsidiary "under attendant principles of corporate governance"). This includes the right to assume control of BBDC subject, of course, to the ultimate authority of the Court. See Ind. Code §§ 23-18-1-1, *et seq.*

*B. BBMC and Grant Schmidt are enjoined from exercising control over BBDC*

The commencement of an involuntary case against Stone Ridge "...operates as a stay, applicable to all entities, of…any act…to exercise control over property of the estate." See 11 U.S.C. § 362(a)(3). Since BBDC is property of Stone Ridge's estate, any act by any entity to exercise control over BBDC is a violation of the automatic stay imposed by the filing of the involuntary petition against Stone Ridge. The prosecution of the appeal of the order for relief entered against BBDC is such an act to control BBDC. See In re Mid-City Parking, Inc., 332 B.R.798, 816 (Bankr.

N.D.Ill. 2005)(stating that the automatic stay "exists to protect the bankruptcy estate from appeals the trustee deems not worthy of estate resources"). The decision of whether to prosecute the appeal of the order for relief entered against BBDC belongs to the estate of Stone Ridge and not to BBMC or Grant Schmidt.

**III. Conclusion**

For the foregoing reasons, the petitioning creditors request that the Court enter an order declaring that further prosecution of the pending appeal without first obtaining relief to do so from this Court violates the automatic stay imposed by the filing of the involuntary petition against Stone Ridge pursuant to §§ 303 and 362 of the Code.

James Ottenbacher,
Charles Fogarty and
Intergolf Designs, Inc.
By their Attorney,

/s/John Boyajian

John Boyajian, # 0919
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
401-273-9600
401-273-9605 (Fax)